**UNITED STATES of America ex rel. Carlos SAUCEDO, Petitioner,**

v.

**Michael LANE, Respondent.**

**No. 84 C 7206.**

United States District Court, N.D. Illinois, E.D.

Dec. 19, 1984.

Thomas F. Bomba, Cook County, Asst. Public Defender, Chicago, Ill., for petitioner.

James E. Fitzgerald, Asst. Atty. Gen., State of Ill., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Carlos Salcido ("Salcido")[1] brings a habeas corpus action under 28 U.S.C. § 2254 ("Section 2254") challenging his state court murder conviction because of the allegedly improper admission of his confession at trial. Illinois Department of Corrections Director Michael Lane ("Lane") has moved for summary judgment. For the reasons stated in this memorandum opinion and order, summary judgment is granted.

### Applicable Legal Principles

Ordinarily this Court's opinions begin with a review of the facts. But because the critical question here is the adequacy of the trial court's factual finding of an informed and voluntary confession, and because Salcido's counsel has presented an impermissibly one-sided version of the facts, a brief statement of operative law is appropriate at the outset.

*Sumner v. Mata*, 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981) teaches factual determinations by state courts—either at the trial court or appellate level—are presumptively correct in later federal habeas cases, imposing the burden on the petitioner "to establish by convincing evidence that the factual determination by the State court was erroneous" (Section 2254(d)). And the thoughtful analysis in *Patterson v. Cuyler*, 729 F.2d 925, 930–32 (3d Cir.1984) makes plain that (and why) the Section 2254(d) standards govern habeas determinations as to the validity of a defendant's waiver of his right to remain silent after *Miranda* warnings.

*Sumner*'s reading of Section 2254(d) is of course necessarily subject to that Section's own internal exceptions (none of which was applicable in *Sumner*). Salcido claims three of those exceptions bar application of Section 2254(d) to this case:

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

\*     \*     \*     \*     \*     \*

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding....

In fact, however, an objective (rather than monocular) review of the state trial court proceedings demonstrates both (1) the clear inapplicability of any of those exceptions and (2) Salcido's total inability to show an erroneous factual determination by convincing evidence.

### Salcido's State Court Hearing

At issue before the state trial court, as here, was the sufficiency of the *Miranda* warnings unquestionably given Salcido both before his initial statement to Investigator Thomas Sherry ("Sherry") and before his later statement to Assistant State's Attorney Paul Tsukuno ("Tsukuno"). Both sides agree such sufficiency or insufficiency was dependent on the fact the warnings were given in English, while Salcido asserts Spanish is his native tongue and he had insufficient English to understand the warnings so given. On that score Judge Fred Suria, Jr. found (Tr. 266):

The Court would find as follows: One, that the *Miranda* warnings were, in fact, given in English by both Detective Sherry and Assistant State's Attorney Tsukuno.

The Court further finds the defendant did, in fact, respond to those rights that were given in English and that further, during the course of the subsequent interrogation did respond to the questions put to him in English in a responsive manner as testified to both by Detective Sherry and Assistant State's Attorney Tsukuno.

---

1. Though Salcido's counsel chose to conform the case caption in his Complaint here to the incorrect "Saucedo" spelling employed in the underlying criminal case, this opinion follows Salcido's own spelling as he gave it in the state court suppression hearing.

I would, therefore, find that although the defendant is not fluent in the English language, he did freely and voluntarily, knowingly and intelligently waive his *Miranda* rights and give the statement that the State alleges was given.

That finding was the result of a hearing on Salcido's motion to suppress, occupying substantial parts of four trial days. Assistant State's Attorney Stern called both Sherry and Tsukuno to the stand. Each was cross-examined extensively by Salcido's lawyer (indeed Sherry's direct examination occupied just six transcript pages, while the cross-examination covered 30 pages, and Tsukuno's direct examination was but five pages in length, followed by 26 pages of cross-examination). In response Salcido's counsel was given the untrammeled right to call witnesses, with the hearing being adjourned at one point in part to permit Salcido's calling of opinion witness James Dominguez ("Dominguez"), employed by the Chicago Board of Education as a guidance counselor assigned to the Cook County Department of Corrections. Dominguez, who had been teaching English to Salcido beginning a year after the disputed *Miranda* warnings, was permitted to testify as an expert, rendering an opinion as to whether Salcido could communicate in a language other than Spanish and could understand *Miranda* warnings given in English. And though this is of course not a controlling factor as to the hearing's fairness, this Court's reading of the entire hearing transcript discloses that the overwhelming balance of Judge Suria's evidentiary rulings ran in favor of Salcido and against the State.

In the face of that meticulous respect by Judge Suria for Salcido's hearing *rights*, Salcido's lawyer cannot in good conscience invoke any of the three exceptions he calls on—each of which challenges the adequacy of the hearing.[2] What Salcido's argument really boils down to is the impermissible one that Judge Suria, despite having conducted a full, fair and adequate hearing, should have resolved the credibility issues posed by that hearing differently. Salcido's counsel asks this Court to second-guess Judge Suria, substituting its own judgment on a paper record for that arrived at by Judge Suria after seeing and hearing the witnesses.

■ Just to state that proposition is to reject it in light of Section 2254(d) and *Sumner* and its progeny. This Court's role is not to make such a de novo determination. See *Sumner*, 449 U.S. at 551, 101 S.Ct. at 771:

> When it enacted the 1966 amendment to 28 U.S.C. § 2254, Congress specified that in the absence of the previously enumerated factors one through eight, the burden shall rest on the habeas petitioner, whose case by that time had run the entire gamut of a state judicial system, to establish "by convincing evidence that the factual determination of the State court was erroneous." 28 U.S.C. § 2254(d). Thus, Congress meant to insure that a state finding not be overturned merely on the basis of the usual "preponderance of the evidence" standard in such a situation.

Nonetheless it is worth rehearsing some of the salient facts underpinning Judge Suria's resolution of the matter:

1. When Salcido was first stopped by the investigators and told he was under arrest, Sherry believed Salcido responded "What for?" in English (Tr. 38–39).

2. When Salcido was twice advised of his rights in English (first by Sherry, later by Tsukuno), he was asked after each statement of a particular right whether he understood it. Each time he answered yes in English (Tr. 11–12, 42–44, 70), except that one of his four answers to Tsukuno was "Si" (Tr. 70).

3. After Salcido was given his *Miranda* warnings by Sherry, he said "Yes" to

**2.** Contrast *Brownstein v. Director, Illinois Department of Corrections,* 594 F.Supp. 494, 499 (N.D.Ill.1984), where this Court held a state trial judge's determination was not entitled to deference under Section 2254(d) because it was flawed under each of the subsections of Section 2254(d) relied on by Salcido here.

the question whether he wanted to talk about the homicide (Tr. 44). Then he made an *oral statement* to Sherry in *English* (Tr. 15, 45), just as he later engaged in an *English* conversation with Tsukuno (Tr. 71–72). Sherry understood Salcido's English without difficulty (Tr. 48), and Tsukuno too found Salcido's "responses to [his] questions appropriate" (Tr. 72) and found "no language difficulty" on Salcido's part—no indication that Salcido wasn't following Tsukuno's questions in English (Tr. 73). On cross-examination Tsukuno specifically testified he had asked Salcido for background information and Salcido had given answers (both of them speaking in English) (Tr. 109), and Tsukuno identified his own questions (the ones Salcido responded to "appropriate[ly]") as definitely requiring an understanding of English on Salcido's part (Tr. 116).

4. Importantly corroborative, and really unanswered by Salcido's counsel in any meaningful way, is the fact Sherry's fellow investigator Ernest Hernandez ("Hernandez") was bilingual. Hernandez warned Salcido's contemporaneously-arrested co-defendant, Artemio Gutierrez ("Gutierrez"), of his rights in Spanish. Then Hernandez conducted an interview with Gutierrez entirely in Spanish. Hernandez was fully available to perform exactly the same function with Salcido had there been any perception that was necessary. All that—the absence of any motive on the investigator's or Assistant State's Attorney's part to risk any potential tainting of any statement obtained from Salcido—strongly supports the existence of a good faith belief by both Sherry and Tsukuno as to Salcido's comprehension of rights explained to him in English. And though not their belief as such, but rather its *accuracy,* is at issue, the contrast of Salcido's handling with the Gutierrez procedure supports Judge Suria's resolution of the credibility questions.

 Against all this Salcido's counsel tenders principally speculation and surmise (though the Dominguez opinion evidence

does support his position). But again what is fully dispositive is that Judge Suria could and did reasonably find as he did: that Salcido had "freely and voluntarily, knowingly and intentionally waive[d] his *Miranda* rights" (Tr. 266).

### Conclusion

In the language of Section 2254(d) this Court "on a consideration ... of the record as a whole concludes that [Judge Suria's] factual determination is ... fairly supported by the record" (Section 2254(d)(8)) and that Salcido has not "establish[ed] by convincing evidence that the factual determination by the State court was erroneous" (Section 2254(d)). No evidentiary hearing is required. There is no genuine issue of material fact, and Lane is entitled to a judgment as a matter of law. This action is dismissed with prejudice.